4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald G. WILLIAMS, Plaintiff-Appellant,
v.
Tom WILSON, Sheriff, Montgomery County, Defendant,
Gary HAINES, Sheriff; James Voisard, Medical Director of
Montgomery County Jail, Defendants-Appellees.
 Nos. 92-4082, 92-4327.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 S.D. Ohio, Nos. 92-00067, 92-00447.
 S.D. Ohio
 AFFIRMED.
 BEFORE: MARTIN and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald G. Williams, a pro se Ohio prisoner, appeals two district court judgments dismissing his civil rights complaints filed pursuant to 42 U.S.C. Sec. 1983. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Williams sued numerous Montgomery County, Ohio and Dayton, Ohio officials for allegedly denying him medication for his hypertension in violation of the Eighth Amendment to the United States Constitution. A magistrate judge recommended dismissing the complaint as to all defendants except James Voisard, the Montgomery County Jail Administrator, for failure to state a claim. Upon de novo review, the district court adopted the magistrate judge's report. Voisard then moved for summary judgment which Williams opposed. The magistrate judge recommended granting the motion. The district court adopted the report after conducting a de novo review.
 
 
 3
 In his timely appeal (Case No. 92-4082), Williams contends that the district court denied him his right to a jury trial and that the district court did not afford him his due process and equal protection rights under the Fifth and Fourteenth Amendments. He requests oral argument.
 
 
 4
 Williams then filed his second civil rights complaint against the same defendants raising the same issues that he presented in his first complaint. Upon de novo review, the district court dismissed the complaint based upon the doctrine of claim preclusion. In his timely appeal (Case No. 92-4327), Williams argues that he was denied adequate medical care, he was denied his due process and equal protection rights, he was denied his right to appointed counsel, and he was denied his right to a jury trial. He does not request oral argument in this case. Appellees have informed the court that they will not be filing a brief for this appeal.
 
 
 5
 Upon review of Case No. 92-4082, we conclude that the district court properly dismissed Williams's complaint pursuant to Fed.R.Civ.P. 12(b)(6) because it appears beyond doubt that Williams can present no set of facts to support his claims as to all the defendants, except Voisard, which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Furthermore, summary judgment was proper as to Voisard because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 As for Case No. 92-4327, we conclude that the district court properly dismissed Williams's complaint under the doctrine of claim preclusion. See Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 113 S.Ct. 1046 (1993).
 
 
 7
 Accordingly, we hereby reject Williams's appellate arguments as unsubstantial, deny his request for oral argument, and affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit.